UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CUPAC, et al.,<br>Plaintiffs,<br>v.<br>STATE FARM GENERAL INSURANCE COMPANY, et al.,<br>Defendants. | Case No.: 26-cv-02011-AJB-MSB<br>**ORDER DENYING MOTION TO REMAND**<br>(Doc. No. 14) |

Before the Court is the Motion to Remand filed by Plaintiffs Robert Cupac and Lidwina Cupac (the "Cupacs"). (Doc. No. 14.) The motion is fully briefed. (Doc. Nos. 14; 16–17.) On July 14, 2026, the Court submitted the motion. (Doc. No. 25.) For the reasons set forth below, the Court **DENIES** the Cupacs' motion to remand. (Doc. No. 14.)

## I. BACKGROUND

### A. Factual Background

On February 11, 2022, a residential fire occurred at the Cupacs' home. (Doc. No. 1-2 at 6, 8 ¶¶ 1, 8.)[1] The fire, smoke, and resulting suppression activities damaged the Cupacs' property. (*Id.* at 8 ¶ 8.)

[1] Page citations refer to the pagination generated by the Case Management/Electronic Case Files system.

The Cupacs notified State Farm of the property loss. (*Id.* at 8 ¶ 9.) At the time, the Cupacs had an insurance policy with State Farm (the "Policy"). (*Id.* at 7–8 ¶ 7.) The Policy covered all accidental physical loss to the insured property and included a Dwelling limit of $427,200; an Other Structures limit of $42,720; a Personal Property limit of $320,400; and $128,160 Loss of Use coverage. (*Id.*)

After the Cupacs reported the loss to State Farm, State Farm provided an initial estimate for damages and repairs that the Cupacs allege contractors deemed inadequate. (*Id.* at 8 ¶ 10.) The Cupacs ultimately submitted a claim for $704,100.44 based on their own contractor's estimate. (Doc. No. 16 at 4.)

The Cupacs additionally allege that they were unable to find a contractor who could perform the repairs for the amount State Farm agreed to pay, so the Cupacs have had to incur additional investigation costs to determine a repair cost for their property. (Doc. No. 1-2 at 8, 10 ¶¶ 10, 18.)

State Farm ultimately paid the Cupacs $492,379.24 in indemnity payments for dwelling coverage. (Doc. No. 16 at 4.)

## B. Procedural Background

On February 9, 2026, the Cupacs initiated this action in San Diego County Superior Court. (Doc. No. 1-2 at 6.) The Cupacs served State Farm around February 28, 2026. (Doc. No. 1 at 2.)[2] The complaint identifies three causes of action: (1) breach of contract (Doc. No. 1-2 at 12 ¶¶ 25–31); (2) breach of the implied covenant of good faith and fair dealing (*id.* at 12–13 ¶¶ 32–38); and (3) unlawful, unfair, and fraudulent business practices (*id.* at 14–15 ¶¶ 39–46.)

On March 30, 2026, State Farm removed the matter to federal court on diversity grounds. (Doc. No. 1 at 3–6.)

The Cupacs subsequently filed the present motion to remand. (Doc. No. 14.)

---

[2] The Cupacs contend that service may have been completed "well before February 28, 2026." (Doc. No. 14-1 at 6.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action to federal court only if the district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). "In general, removal statutes are strictly construed against removal." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citations omitted). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* (citation omitted).

## III. DISCUSSION

As the removing party, State Farm must establish by a preponderance of the evidence that removal is proper. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

State Farm carries the burden of establishing that this Court may exercise diversity jurisdiction over the Cupacs' claims. State Farm demonstrates that the Cupacs are completely diverse from State Farm. State Farm also sufficiently shows that the amount in controversy exceeds $75,000. Conversely, the Cupacs have failed to provide sufficient evidence to rebut State Farm's calculation of the amount in controversy.[3]

---

[3] The Cupacs identify two additional potential issues in their motion to remand: (1) whether State Farm's removal was timely and (2) whether the Cupacs' inclusion of Doe Defendants could destroy complete diversity. (Doc. No. 14-1 at 6–7.) The Cupacs have not developed either issue, so the Court declines to address them. *Hibbs v. Dep't of Humans Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001).

**A. State Farm has successfully alleged the amount in controversy requirement for diversity jurisdiction is satisfied.**

Under 28 U.S.C. § 1332, all parties must be completely diverse to establish diversity jurisdiction. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967). The Supreme Court established that "where co-citizens appeared on both sides of a dispute, jurisdiction was lost." *Id.* (citation omitted). District courts determine citizenship based on when the plaintiff initiates a suit. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003). Thus, a federal court will not lose jurisdiction of a case based on diversity if one of the parties later changes domicile. *Rosado v. Wyman*, 397 U.S. 397, 405 n.6 (1970).

"The natural person's state citizenship is . . . determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). A corporation is a citizen of every state it is incorporated in and the state the principal place of business or "nerve center" is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The Supreme Court defines "principal place of business" as "referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 559 U.S. at 92–93.

Complete diversity is present because the Cupacs are citizens of California and State Farm is a citizen of Illinois. (Doc. No. 1 at 3.) The Cupacs appear to be domiciled in California because they resided in San Diego, California, when they filed the complaint and do not appear to have resided in any out-of-state properties. (*Id.* at 4.) Meanwhile, State Farm is incorporated under Illinois law and its principal place of business is Illinois, making it a citizen of Illinois. (*Id.*)

//

//

//

//

Therefore, complete diversity of citizenship exists between the Cupacs and State Farm.[4]

**B. State Farm has successfully alleged the amount in controversy requirement for diversity jurisdiction is satisfied.**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

The amount in controversy is determined by the amount alleged in the complaint, unless a party can prove a different amount with legal certainty. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). A court is "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 671 (9th Cir. 2021) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

The Supreme Court held in *Dart Cherokee Basin Operating Co., LLC v. Owens* that "a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). When the plaintiff's complaint does not state a specific amount in controversy, the defendant may also allege a sum in their notice of removal. 28 U.S.C. § 1446(c)(2)(A).

The defendant's allegation to the amount in controversy "should be accepted when not contested by the plaintiff or questioned by the court." *Dart*, 574 U.S. at 87. However, if a plaintiff decides to contest the assertion, both sides must submit proof of their claims, and the court will decide, "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. If the amount in controversy is not facially apparent from the complaint, "the court may consider facts in

---

[4] Notably, the Cupacs do not dispute that there is complete diversity between themselves and State Farm. (*See generally* Doc. Nos. 14; 17.)

the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). The amount in controversy "cannot be based simply upon conclusory allegations." *Id.*

A "defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). However, the Ninth Circuit has approved the use of affidavits and declarations to establish the amount in controversy and has permitted the removing defendant to rely on "reasonable assumptions" made based on the complaint's allegations. *Ibarra*, 775 F.3d at 1199. For instance, in *Lewis v. Verizon Communications, Inc.*, the Ninth Circuit concluded that an affidavit showing that the potential damages at issue could exceed the jurisdictional requirement was sufficient when the plaintiff had not offered any competing evidence. 627 F.3d 395, 398–402 (9th Cir. 2010).

Here, the Cupacs allege an "unlimited" civil case with a demand exceeding $35,000. (Doc. No. 1-2 at 18.) However, their complaint does not further specify an amount in controversy. (*See generally id.* at 6–17.)

In removing the action, State Farm provided a declaration by Sander Alvarez, State Farm's counsel of record. (Doc. No. 1-2 at 1–3.) State Farm alleged through the declaration that the amount in controversy exceeds $75,000 based on its understanding of the Cupacs' allegations and claims. (*Id.* at 2.) The Cupacs filed an insurance claim for $704,100.44. (*Id.*) State Farm paid the Cupacs $492,379.24 for repairs. (*Id.*) State Farm thus calculated that the amount in controversy is likely the difference between the Cupacs' insurance claim and the amount that State Farm paid out, roughly $212,000. (*Id.*; *see also* Doc. No. 16-1 at 2–3.)

The Cupacs challenge this calculation. (Doc. No. 14-1 at 4–5.) The Cupacs argue that State Farm did not establish the amount in controversy exceeds $75,000, and the Court therefore lacks jurisdiction over the Cupacs' claims. (*Id.* at 2.) The Cupacs assert that the

declaration is insufficient summary-judgment-type evidence because State Farm's calculation of damages is incorrect. (*Id.* at 4–5.)

Instead, the Cupacs contend in reply that any damages calculation for establishing the amount in controversy should be strictly based on the Policy's $427,200 dwelling limit rather than the submitted repair estimate of $704,100.44. (Doc. No. 17 at 1–2, 5.) In turn, the Cupacs claim that State Farm has actually overpaid the Cupacs by $65,179.24. (*Id.* at 2.)[5]

Contrary to the Cupacs' challenge, State Farm made reasonable assumptions to identify the potential amount in controversy. The Cupacs allege that State Farm breached the Policy's terms "by delaying, denying and or failing to indemnify and/or repair plaintiffs' property as set forth above." (Doc. No. 1-2 at 12 ¶ 27.) In turn, the Cupacs have purportedly suffered "[d]amages in the form of unpaid policy benefits, repair costs, [and] fees incurred to investigate the loss because of [State Farm's] failure to do so." (*Id.* at 12 ¶ 29.) Based on these allegations, it is reasonable to infer that the Cupacs seek compensation beyond what State Farm has already paid out. It is also reasonable, as a matter of common sense, to infer that the Cupacs seek to recover at least the difference in the amount that they demanded in their claim, $704,100.44, and the amount that State Farm has paid, $492,379.24. (*See id.* at 2.) Such reasonable inferences provide a sufficient basis for State Farm's allegation of the amount in controversy. *See Ibarra*, 775 F.3d at 1199.

Meanwhile, the Cupacs do not provide any substantive evidence to controvert State Farm's calculations. Like the plaintiffs in *Lewis*, the Cupacs do not offer any evidence to support their argument. (*Compare* 627 F.3d at 399–400, *with* Doc. Nos. 14; 17.) The Ninth

---

[5] This contention is flawed for two reasons. First, the Cupacs did not raise this argument until their reply brief. (*Compare* Doc. No. 14, *with* Doc. No. 17.) Arguments "raised for the first time in a reply brief are waived." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012). Second, the argument raises the possibility that the Cupacs have failed to state a claim on which relief may be granted. If the Cupacs are correct that State Farm has already paid them all that they are entitled to under the dwelling limit (Doc. No. 17 at 2), it is not clear that the Cupacs would be entitled to any further compensation under the Policy, much less that State Farm has breached the Policy's terms.

Circuit explained that in the absence of any "contrary evidence," a defendant's affidavit is sufficient to bear "its burden to show the amount in controversy" exceeds a statutory minimum. *Lewis*, 627 F.3d at 401–02. The Court accordingly accepts State Farm's allegation that the amount in controversy exceeds $75,000. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Cupacs' motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated: November 17, 2026

Hon. Anthony J. Battaglia
United States District Judge